STATE ex rel. ROBERT F. NEAFIE v. BOARD OF COMMISSIONERS OF EVERGLADES DRAINAGE DISTRICT, etc., et al.

191 So. 309
Division A
Opinion Filed October 6, 1939

*Watson & Pasco & Brown,* for Relator;

*Fred H. Kent, Francis D. Wheeler, Kent Kassewitz, Wheeler & Crenshaw, C. G. Ashby,* and *Stapp, Gourley, Ward & Ward,* for Respondents.

PER CURIAM.—This cause is before us on demurrers to the answers and returns of the respondents and on motion *ore tenus* for peremptory writ of mandamus.

The answers and returns of respondents are found to be insufficient to constitute any defense to the alternative writ. See State *ex rel.* Sherrill and Van v. Milam, *et al.,* 113 Fla. 491, 153 Sou. 100 and 153 Sou. 125.

The answers and returns indicate that there is now pending in the Chancery Court of Dade County, Florida, an equity suit No. 48607, in which decrees have been entered and of which that court has jurisdiction. The issues in that suit are not made to appear pertinent to this suit. This

Court does not appear to have acquired jurisdiction to review the orders and decrees made in that suit.

The statutory fees provided to pay assessors and collectors for the assessment and collection of the acreage tax applicable to the Everglades Drainage District for the discharge of the bonded debt of the district is not necessarily an item of expense for operation and maintenance, but may be an incident to the collection of the fund with which to meet the payment of the bonded debt and, as such incident, may be properly chargeable to that fund.

The compensation allowed the respective assessors and collectors is fixed by statute 1174 R. G. S., 1545 C. G. L., and is a commission "upon the amount of drainage taxes assessed within his respective county." The statutes have contemplated since the creation of the District that tax assessors and tax collectors charged with the duty of collecting the taxes for the Everglades Drainage District should be compensated from the fund as and when the same is collected. Prior to the enactment of Chapter 8412, Acts of 1921, there was no district tax except the acreage drainage tax levied in the district.

It has never been contemplated that the fees due assessors or collectors for their services rendered in the assessment and collection of Everglades Drainage District taxes should be paid in advance. But there can be no valid reason for non-payment if and when funds have been realized on the assessments.

It follows that to say the District is now without funds with which to pay the assessors is no defense to the alternative writ heretofore issued and referred to in our opinion filed in this cause on July 28, 1939.

If to issue the peremptory writ will cause confusion, it is because the respondents have not followed the enunciations

of this Court in the case of State *ex rel.* Sherrill and Van
v. Milam, *et al., supra.* For the reasons stated herein and
on authority of our opinion filed herein on July 28, 1939,
we hold the answers and returns insufficient and sustain the
demurrers to same. It appears to the Court, however, that
to award the peremptory writ of mandamus in the terms of
the alternative writ would result in great confusion to the
tax-paying public and would probably greatly hinder and
delay the collection of State and county taxes in the affected
area. It is, therefore, ordered that the alternative writ
herein may be amended so as to be made applicable to the
period which has transpired subsequent to its filing and so
that the commands thereof may apply to the tax rolls of
1940 instead of applying to the tax rolls of 1939. Upon
such amendments having been made, the peremptory writ
shall issue conforming to the commands of such so amended
alternative writ.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as au-
thorized by Section 4687, Compiled General Laws of 1927,
and Rule 21-A of the Rules of this Court.